**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE T. ROCHON,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. CV 13-04172 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

A person who meets a listing in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix I, is deemed to be disabled. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Plaintiff argues that he meets Listing 2.02. That listing provides:

> *Impairment of visual acuity*. Remaining vision in the better eye after best correction is 20/200 or less.

While Plaintiff is blind in his right eye, there was no evidence that the corrected vision in his left eye was 20/200 or less. As the Administrative Law Judge noted [AR 15], in May 2010 Plaintiff's optometrist measured Plaintiff's corrected vision in his left eye at 20/20 [AR190]. In August 2010, the consulting physician performing an internal medicine examination measured only Plaintiff's uncorrected vision [AR 209]. Plaintiff argues that

the Administrative Law Judge failed his duty to develop the record, because he did not return to the consultant and inquire about Plaintiff's corrected vision; but the consultant measured Plaintiff's uncorrected vision at 20/200, and therefore the corrected vision necessarily would have been better, and could not have satisfied Listing 2.02. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Here, the Administrative Law Judge was justified in relying on the examination results from the treating optometrist, who was a specialist, rather than the consulting internist, who clearly was giving plaintiff an overall internal medicine examination rather than an intensive eye exam. 20 C.F.R. § 404.1527(d)(5) (preference given to opinions of specialists in their area of specialty).

The decision of the Commissioner is affirmed.

DATED: April 8, 2014

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE